IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GEORGE C. WELLS, | CV 15-107-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LEROY KIRKEGARD, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On December 4, 2015, Petitioner George C. Wells filed a Petition for Writ of Habeas Corpus, claiming he was held in violation of his right to due process. (Doc. 1 at 2.) In 1982, Wells was convicted of aggravated assault, attempted sexual intercourse without consent, and aggravated burglary. He was designated a persistent felony offender. He received a 150-year sentence.

In 2015, Wells filed a state habeas petition, arguing *inter alia* that his conviction as a persistent felony offender was illegal because the persistent felony offender sentence replaced the sentence for the underlying felony. *Wells v. Kirkegard*, No. OP 15-0466 (Mont. filed Sept. 29, 2015).[1] The Montana Supreme

---

[1] *Available at* http://supremecourtdocket.mt.gov (accessed April 26, 2015).

1

Court agreed that the persistent felony offender sentence was illegal. The Court granted Wells's habeas petition and remanded the matter back to the Eighth Judicial District Court with a directive to resentence Wells. *Id*. at 3. Wells was ordered to remain incarcerated pending resentencing. *Id*.

In Wells's petition before this Court, he expressed confusion about why he had not yet been resentenced. (Doc. 1 at 2.) Apparently, he attempted to contact both the Cascade County Clerk of Court and the Clerk of the Montana Supreme Court to get his matter before the state district court, to no avail. Wells attached letters from both entities. (Docs. 1-1 and 1-2.)

This Court then directed the Montana Attorney General's Office to provide information regarding the status of Wells's resentencing. (Doc. 4.) Apparently, Wells's confusion was not misplaced. The trial court was not aware that a resentencing needed to occur; thus, the court had not set a date for resentencing. (Doc. 10-1.)

Wells was resentenced by Judge Pinski in Cause No. ADC-81-116 on April 20, 2016; Wells was represented by counsel at the hearing. The trial court imposed the following sentence: Count I: Aggravated Assault, 20 years Montana State Prison; Count II: Attempted Sexual Intercourse without Consent, 40 years Montana State Prison; and Count III: Aggravated Burglary, 40 years Montana State Prison. All counts were ordered to run consecutively, and Wells was not sentenced as a

persistent felony offender.  The sentence was made retroactive and ordered to run from the original sentencing date of February 18, 1982.  *Mont. v. George Clayton Wells*, ADC-81-116, Sentence (Mont. Eighth Jud. Dist. Ct. April 26, 2016).

Because the trial court has resentenced Wells, pursuant to the remand order of the Montana Supreme Court, the "case" or "controversy" that he raised in his petition no longer exists.  Under Article III of the United States Constitution, federal jurisdiction is limited to actual ongoing cases or controversies.  U.S. Const. Art. III, § 2, cl. 1; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A claim becomes moot when "the issues presented are no longer live" and there is no "present controversy as to which effective relief can be granted."  *Outdoor Medial Group, Inc. v. City of Beaumont*, 506 F. 3d 895, 900 (9th Cir. 2007) (internal citation omitted).  Any issues that Wells may seek to raise in relation to the new judgment must first be exhausted in state court.  28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982).  Accordingly, Wells's habeas petition should be denied as moot.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional

3

right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wells has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. The Petition (Doc. 1) should be DENIED as moot.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wells may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wells must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 27th day of April, 2016.

       /s/ John Johnston
       John Johnston
       United States Magistrate Judge